UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELVIN D. KENT,

                Petitioner,

    v.

STATE OF WASHINGTON,

                Respondent.

Case No. C20-296-JCC-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a 28 U.S.C. § 2254 habeas action. Petitioner is currently confined at the Coyote Ridge Corrections Center in Connell, Washington. He brings this action to challenge a 2006 judgment of the Snohomish County Superior Court. (Pet. (Dkt. # 5-1) at 1.) The petition has not been served on Respondent. Following a careful review of the petition, and the balance of the record, the Court concludes that Petitioner's federal habeas petition should be dismissed without prejudice for failure to exhaust state court remedies.[1]

---

[1] Petitioner has not named the proper respondent in this matter. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction). Rather than grant Petitioner leave to amend his petition to name the correct respondent, the Court recommends dismissal of this matter as it does not appear Petitioner can cure his failure to exhaust state court remedies, as discussed below.

REPORT AND RECOMMENDATION - 1

## II.  DISCUSSION

Petitioner identifies four grounds for federal habeas relief in his petition. (*See id*. at 5, 7, 8, 10.) Petitioner makes clear in his petition that that he has not presented any of these claims to the Washington State Court of Appeals or the Washington State Supreme Court, apparently because he believes the State of Washington lacks jurisdictional authority to decide the constitutional issues raised in the petition. (*See id*. at 5-12.) However, the governing statute unequivocally requires a state prisoner to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). To provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). As it is clear from the face of the petition that Petitioner has not properly exhausted his claims for relief in the state courts, his Petition is not eligible for federal habeas review.[2]

## III.  CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's federal habeas petition and this action be dismissed without prejudice for failure to exhaust state court remedies. A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or

---

[2] The Court also notes Petitioner was sentenced in 2006 and has not explained why the one-year statute of limitations provided by 28 U.S.C. § 2244(d) does not bar his petition.

REPORT AND RECOMMENDATION - 2

circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, the Court concludes that Petitioner does not satisfy this standard and therefore recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 17, 2020**.

The Clerk is directed to send copies of this Report and Recommendation to Petitioner and to the Honorable John C. Coughenour.

Dated this 24th day of March, 2020.

_____
MICHELLE L. PETERSON
United States Magistrate Judge